IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON LAWRENCE JONES,

    Plaintiff,

v.                                                                                          No. 20-cv-442 KWR-KRS

UNITED STATES OF AMERICA, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Brandon Lawrence Jones' Civil Rights Complaint (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2). Jones is a federal prisoner and proceeding *pro se*. He seeks money damages on the ground that the Bureau of Prisons (BOP) misclassified him as a sex offender. Having reviewed the matter *sua sponte*, the Court finds no relief is available in this judicial district. The Court will therefore dismiss the Complaint without prejudice.

### BACKGROUND

        Jones is incarcerated at the United States Penitentiary in Lee County, Virginia. His federal criminal case began in 2011, when Jones and co-conspirator Jesus Gallegos kidnapped a man from a sports arena. (Doc. 1 in 11-cr-2994). They terrorized and assaulted the victim over the course of a night and withdrew money from several of his bank accounts. *Id.* Jones eventually pulled over at a truck stop, where both he and Gallegos fell asleep. *Id.* The victim then escaped from the vehicle and called police. *Id.*

        Jones was charged with kidnapping in violation of 18 U.S.C. § 1201(a). Attorney Jason

Bowles was initially appointed as criminal counsel. (Doc. 11 in 11-cr-2994). Jones pled guilty on December 28, 2012, and Bowles withdrew shortly after. (Docs. 92, 109 in 11-cr-2994). Attorney Kenneth Gleria was appointed to represent Jones at sentencing. (Doc. 115 in 11-cr-2994). The Court (Hon. William P. Johnson) initially sentenced Jones to 420 months imprisonment. (Doc. 159 in 11-cr-2994). Jones filed a direct appeal, which was dismissed as untimely. Jones then filed his "first" 28 U.S.C. § 2255 proceeding, arguing that Gleria failed to appeal his sentence as directed. The Court appointed new counsel (Kathleen McGarry); granted habeas relief under 28 U.S.C. § 2255; and resentenced Jones to 360 months imprisonment. (Doc. 297 in 11-cr-2994). Jones again appealed, and the Tenth Circuit affirmed the new sentence. (Doc. 314 in 11-cr-2994).

On August 7, 2019, Jones filed a Second Motion to Vacate Sentence Under § 2255. (CR Doc. 315). The Second Motion again argued his attorneys provided ineffective assistance of counsel. The Court (Hon. William P. Johnson) determined the Second Motion raised unauthorized successive habeas claims and dismissed the matter for lack of jurisdiction. (Docs. 317, 318 in 11-cr-2994).

Jones filed the instant civil Complaint on May 8, 2020. (Doc. 1). He alleges that in 2015, the BOP improperly classified him as a sex offender. *Id.* at 7. The misclassification purportedly impacted Jones' housing conditions and privileges in prison. *Id.* at 7-8. His email account was restricted, and he has been attacked by other inmates. *Id.* at 8. Jones reported the misclassification to his BOP case manager, who stated the Court must correct certain documents, such as the presentence investigation report (PSR).[1] *Id.* at 11. He appears to seek $100 million

---

[1] Jones does not specify what error, if any, the PSR contains that would prompt the BOP to house him as a

in damages from the U.S., the BOP, and all three attorneys (Bowles, Gleria, and McGarry) based on the BOP's sex offender classification. *Id.* Jones also asks the Court to "grant an acquittal on his current Judgment" and/or direct the BOP to correct the error. Jones filed an *in forma pauperis* motion, which reflects he cannot afford to prepay the $400 filing fee for this civil action. The Court will therefore grant the Motion (Doc. 2) and review the Complaint under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro*

---

sex offender. Based on the PSR, it does not appear Jones committed any sex offenses before he kidnapped Mr. Vazquez, and the federal kidnapping conviction is not inherently sexual in nature. However, the PSR states that Jones allegedly told Mr. Vazquez that "Jones should just shoot him, or maybe rape him." (Doc. 4-1 at 7). It is possible the BOP relied on that statement to make its housing decision, but as discussed below, the BOP's classification must be litigated in the district of confinement.

*se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*

## DISCUSSION

Construed liberally, the Complaint presents a mixed pleading.  Jones raises prisoner civil rights claims alongside requests for habeas relief.  The Complaint appears to seek: (1) money damages under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); (2) an order directing the BOP not to classify him as a sex offender; and/or (3) an "acquittal" from the criminal Judgment, which adopts the PSR.  The Court will address the separate claims below.

A.  *Bivens* Damages Claims

As noted above, Jones seeks $100 million in damages from the U.S., the BOP, and his criminal defense attorneys (Bowles, Gleria, or McGarry).  "*Bivens* [i]s a more limited federal analog to [42 U.S.C.] § 1983."  *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (quotations omitted).  *Bivens* is the appropriate vehicle to assert a constitutional violation against federal officials, whereas a suit under § 1983 is appropriate where the official is a state agent.  *Id.*  "[A] *Bivens* claim can be brought only against federal officials in their individual capacities."  *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009).  "*Bivens* claims cannot be asserted directly against the United States … or federal agencies" such as the BOP.  *Id.*  Jones also cannot assert a *Bivens* action against Bowles, Gleria, or McGarry, as criminal defense attorneys do not act under color of federal law.  *See Allred v. McCaughey*, 257 Fed. App'x 91, 93 (10th Cir. 2007) (collecting cases

4

rejecting *Bivens* claims against defense counsel). Accordingly, Jones cannot recover money damages from the named Defendants.

To the extent Jones wishes to amend his Complaint to sue the federal officials responsible for the sex offender classification, those claims should not be filed in this Court. A civil action must be brought in the judicial district where the defendants reside or where the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b); *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 117 (D.D.C. 2012) (applying § 1391(b)(2) in *Bivens* context). There are no federal prisons in New Mexico, and it is not clear how any individual responsible for Jones' prison classification could reside here. The Complaint alleges the events giving rise to Jones' claim occurred at the federal penitentiary in Tucson, Arizona, where prison officials classified him as a sex offender. (Doc. 1 at 6). It appears BOP officials continue to classify Jones as a sex offender at his current prison in Lee County, Virginia. Accordingly, it would be futile to *sua sponte* invite Jones to amend his *Bivens* claim in this Court. The Court will dismiss all *Bivens* claims without prejudice to refiling them in the proper judicial district.

B. <u>Habeas Claims</u>

Beyond money damages, the Complaint also seeks habeas relief under 28 U.S.C. § 2241 and 2255. To the extent Jones asks the Court to intervene in the BOP's execution of his sentence, and particularly the sex offender classification, the proper avenue for relief is § 2241. *See Sandusky v. Goetz*, 944 F.3d 1240, 1247 (10th Cir. 2019) (where petition was "challenging … the [BOP's] execution of his sentence, [petitioner's] proper avenue for relief was § 2241"). As with a *Bivens* action, however, a § 2241 "attack [on] the execution of a sentence … must be filed in the district where the prisoner is confined." *See Brace v. United States,* 634 F.3d 1167, 1169 (10th

5

Cir. 2011). This Court cannot order the BOP to change Jones' sex-offender classification under § 2241 or any other theory.

Jones' final request for relief - that the Court "grant an acquittal on" or correct "his current Judgment" - is construed under 28 U.S.C. § 2255. Section 2255 is the proper avenue for challenging the validity of a conviction or sentence. *See Prost v. Anderson,* 636 F.3d 578, 581 (10th Cir. 2011). Because Jones has already filed multiple § 2255 motions, and because he did not obtain Tenth Circuit permission before filing any successive claims, the Court lacks jurisdiction to modify the Judgment. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). The Court has two options, with respect to that request. The Court may transfer the request to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the [habeas] claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a successive § 2255 motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Jones does not point to any new Supreme Court law, and his sex offender classification does not qualify as newly discovered evidence. The Complaint indicates that he learned about his sex offender classification on January 22, 2015. (Doc. 1 at 6). A BOP case manager allegedly informed Jones that nothing can be done about the issue unless the Court corrects documents, such as the PSR. *Id.* at 11. Jones filed his first § 2255 proceeding in March of 2015,

but he failed to raise any defects in the Judgment or PSR that may have given rise to an inaccurate sex offender classification. (Docs. 188, 191, 215 in 11-cr-2994). Jones cannot correct the Judgment and/or PSR at this stage, and the Court finds no basis to transfer any § 2255 claims to the Tenth Circuit. The Court will dismiss Jones' request to modify the Judgment for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, to the extent this ruling pertains to § 2255. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

C. Conclusion

For the reasons above, the Court will dismiss the Complaint without prejudice. To the extent Jones wishes to challenge the BOP's decision to house him as a sex offender, he should file a *Bivens* complaint and/or a § 2241 petition in the district of confinement. Jones is confined in Lee County, Virginia, which is within the jurisdiction of the United States District Court for the Western District of Virginia. *See* 28 U.S.C. § 127(b). The Court recognizes that, as a *pro se* litigant, Jones may find it difficult to obtain the necessary documents to prosecute his petitions in the Virginia Federal Court. The Clerk's Office shall mail Jones copies of his PSR and any addendums thereto (Doc. 4) along with the final criminal Judgment (Doc. 297 in 11-cr-2994). If the sex offender classification is based on any other documents in the criminal case, he can file a separate request for those filings. All remaining requests for relief will be dismissed, and Jones should not attempt to relitigate his conviction or sentence in the Virginia Federal Court

**IT IS ORDERED** that Jones' Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jones' Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**IT IS FURTHER ORDERED** that, to the extent the Prisoner Civil Rights Complaint (**Doc. 1**) raises any unauthorized successive habeas claims under § 2255, those claims are dismissed for lack of jurisdiction, and a certificate of appealability is denied.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Jones a copy of his PSR and all addendums (**Doc. 4**) and his criminal judgment (**Doc. 297 in 11-cr-2994**).

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE